# IN THE COURT OF APPEALS OF IOWA

No. 22-0396
Filed August 30, 2023

**STATE OF IOWA,**
   Plaintiff-Appellee,

**vs.**

**JACK HAROLD SMITH JR.,**
   Defendant-Appellant.
_____

Appeal from the Iowa District Court for Sioux County, Daniel P. Vakulskas, District Associate Judge.

Jack Harold Smith Jr. appeals the denial of his motion to suppress evidence obtained from a traffic stop. **AFFIRMED.**

Marti S. Sleister of Sleister Law, Fremont, Nebraska, for appellant.

Brenna Bird, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Greer, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**SCOTT, Senior Judge.**

Jack Harold Smith Jr. appeals the denial of his motion to suppress evidence obtained from a traffic stop. He asserts the police officer did not have probable cause or reasonable suspicion to make the stop because the officer misinterpreted the law about yielding to pedestrians. We affirm.

At 12:24 a.m. on June 5, 2021, Sioux Center Police Officer Josh Koedam was on duty driving south on Highway 75 (Main Street) toward the intersection of Second Street.[1] The speed limit is thirty miles per hour and no traffic signal is at the intersection, but there are overhead signs indicating a crosswalk, as well as a painted crosswalk across Highway 75. As Officer Koedam neared the intersection, he saw three pedestrians on the right-hand side of the road in the crosswalk. He also observed an orange F-250 flatbed truck stopped at the stop sign facing east on Second Street intending to turn left/northbound onto Highway 75. The officer's patrol vehicle dash cam video shows the three pedestrians traversing Highway 75 in the crosswalk as the driver of the F-250 pulls into the intersection. The pedestrians stopped in the roadway as they neared the center line while the driver turned left in front of the them neither slowing nor stopping for the pedestrians.[2]

Officer Koedam did a u-turn and pulled the F-250 over. He explained to the driver, Smith, the reason for the stop was his failure to yield for pedestrians. Smith said he saw the pedestrians in the crosswalk and he thought the pedestrians

---

[1] Highway 75 in downtown Sioux Center runs in a north-south direction. It is intersected by Second Street, which runs east-west.
[2] A semi-trailer truck traveling north on Highway 75 stopped for the passengers as they finished crossing the roadway.

should have waited for him to complete the turn before continuing through the crosswalk.

Noting the smell of alcoholic beverages on Smith's breath and the manner in which Smith answered questions, Officer Koedam suspected Smith was intoxicated. Smith admitted to having drunk some alcohol, and the officer administered field sobriety tests, during which Smith exhibited signs of impairment. Officer Koedam arrested Smith for operating while intoxicated (OWI). At the jail, Smith refused to provide a breath sample on the DataMaster.

Smith was charged with OWI, first offense. He filed a motion to suppress the evidence of his intoxication asserting the traffic stop was unlawful and in violation of both the Fourth Amendment of the United States Constitution, and Article I, section 8 of the Iowa Constitution. At the suppression hearing, the State argued Officer Koedam had reasonable suspicion or probable cause to seize Smith because he observed an infraction of Iowa Code section 321.327 (2021). In arguing the court should grant his motion to suppress, the defense did not contest an officer's authority to conduct a traffic stop after observing a traffic violation. The defense asserted the officer made a mistake of law as to pedestrians' right of way, arguing section 321.327 only required a vehicle to slow down or stop *if need be*. The defense argued that because Smith's vehicle was not "obstructing the pedestrians or causing any kind of accident," he had no obligation to stop or slow down.

The district court did not agree. In its written ruling, the court opined the defense's reading of the statutory provision was too restrictive. Finding the video "clearly shows the pedestrians in the crosswalk while the Defendant executed a

turn through the crosswalk," the court concluded Officer Koedam had both reasonable suspicion and probable cause to believe Smith committed a violation of Iowa Code section 321.327 and denied the motion to suppress.

After a trial on the minutes of testimony, the court found Smith guilty as charged. Smith appeals, claiming the trial court erred in denying his motion to suppress.

We review suppression rulings addressing constitutional issues de novo. *State v. Ingram*, 914 N.W.2d 794, 798 (Iowa 2018). We defer to the district court's factual findings, but they do not dictate our result. *State v. Louwrens*, 792 N.W.2d 649, 651 (Iowa 2010).

Here, Smith argues the officer "erroneously thought the law required traffic to stop whenever pedestrians were 'established' in the crosswalk, rather than to simply yield to avoid an accident."

Iowa Code section 321.327 provides:

> Where traffic-control signals are not in place . . . the driver of a vehicle shall yield the right-of-way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection, except as otherwise provided in this chapter.

"The word 'shall' imposes a duty." *Id.* § 4.1(30)(a). The ordinary dictionary meaning of "yield" is "to surrender or relinquish to the physical control of another." *Yield*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/yield (last visited July 28, 2023). And—though Smith fails to mention it—the term "right-of-way" is defined in chapter 321 as meaning "the privilege of the immediate use of the highway." Iowa Code § 321.1(64). Nothing in section 321.327 qualifies the

duty to yield the right-of-way to a pedestrian in a crosswalk only "to avoid an accident."

There is no dispute that there were no traffic signals at the intersection. Incorporating the definitions above, driver-Smith had a duty to surrender "the privilege of the immediate use of the highway" to the three "pedestrian[s] crossing the roadway within any marked crosswalk." Officer Koedam observed Smith fail to yield to the pedestrians and turned in front of them, causing them to stop as they crossed the roadway.

"[W]hen a peace officer observes a violation of our traffic laws, however minor, the officer has probable cause to stop a motorist." *State v. Tyler*, 830 N.W.2d 288, 293 (Iowa 2013). Because Officer Koedam observed a traffic violation, he had probable cause to stop Smith. Smith's constitutional rights to be free from an unreasonable seizure and search were not violated. So, we affirm.

**AFFIRMED.**